George P. SHULTZ, Secretary of Labor, United States Department of Labor, formerly W. Willard Wirtz, et al., Plaintiff,

v.

KIP'S BIG BOY, INC., a Corporation, Defendant.

Civ. A. No. 3–1580–C.

United States District Court
N. D. Texas,
Dallas Division.

Oct. 1, 1969.

Richard L. Collier, Trial Atty., Dallas, Tex., M. J. Parmenter, Regional Atty., Dept. of Labor, Washington, D. C., for plaintiff.

Brady, Drake & Wilson, by Philip Wilson, Dallas, Tex., for defendant

## SUPPLEMENTAL MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

On March 20, 1969, a Memorandum Opinion was filed herein, 297 F.Supp. 106, and on August 4, 1969, a Final Judgment was entered herein which contemplated this Supplemental Memorandum Opinion.

The Defendant owns and operates restaurants in Dallas and Fort Worth, Texas, and of its 722 employees only 16 were employed in the "central kitchen" or commissary operated by the Defendant. Of these 16, 10 were female employees engaged in food processing, 4 were male employees also engaged in food processing but who occasionally handled goods delivered to the company's receiving dock.

The remaining 2 employees were classified as an Assistant Manager and a truck driver, both of whom were male.

The "central kitchen" or commissary maintained by the Defendant performed exactly the same tasks that had been performed at the individual restaurant locations and the "central kitchen" or commissary was established, away from the restaurants, for the purpose of quality control and improvement of food service.

There appears to be no doubt that had the functions of the "central kitchen" or commissary been conducted at each individual restaurant location that the Defendant would have been exempt from the provisions of Sections 206 and 207 of the Act pursuant to the provision of Section 213 thereof. The activities of

the Defendant in the operation of its "central kitchen" or commissary as well as in the operation of its storeroom, consisting of approximately 1500 square feet in which the Defendant stored only spices and other minor items, constituted one single establishment, the activities being functionally integrated. The Defendant's restaurants and its "central kitchen" or commissary and its storeroom are so interwoven and linked in both terms of time and distance as to be functionally a single establishment.

The activities of the Defendant's male employees who regularly reported to the "central kitchen" or commissary were almost exclusively connected with the processing of foods which had not moved interstate. Four of the Defendant's male employees placed goods on the Defendant's storeroom shelves after the goods had been unloaded on the Defendant's dock by a non-employee truck driver. Spices were delivered once a week and took 1 man less than five (5) minutes to place on the storeroom shelves; paper products, including cups, matches and sandwich bags, were delivered once a month and took 2 men one-half (½) hour to load upon the storeroom shelves; shrimp was delivered once a month and took 3 men forty-five (45) minutes to store; and cracker meal was likewise received once a month and required one (1) hour for 2 men to store.

No dairy products, bread, coffee, potatoes, eggs, fresh produce or baked goods were delivered to the "central kitchen" or commissary or handled by the employees regularly assigned to work in the "central kitchen" or commissary.

The Defendant did not regularly receive substantial quantities of goods from sources outside of Texas at its commissary or storeroom. Those goods that were received by the Defendant were placed on its loading dock by persons other than the Defendant's employees. The time spent by the Defendant's 4 male employees in handling goods which had moved in interstate commerce was inconsequential and occasional.

The Defendant is entitled to judgment.